UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN CADET,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER RUDY
LAHENS (Shield # 25985), DETECTIVE FRED
WILLIAMS (Shield # 11028), SERGEANT FRANK
FITZGERALD (Shield # 5266), LIEUTENANT ERNEST
LUNGARO, DETECTIVE JOSEPH DIMICHELE (Shield
# 2569),

Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**FIRST AMENDED
COMPLAINT**

07 CV 1924 (HBP)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the

violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New York.  This case

arises from a November 15, 2006 incident in which several members of the New York City

Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault, battery,

an illegal strip search, fabricated evidence, malicious prosecution, and negligence.  Plaintiff

seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys'

fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth,

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, malicious prosecution, and negligence.  With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the incident in question took place in this district and the City of New York's negligence and deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.      Plaintiff is a resident of the State of New York, County of Kings.

6.      The City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Police Officer Rudy Lahens is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 15, 2006. Lahens is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates.  Lahens is sued in his individual capacity.

8.      Detective Fred Williams is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 15, 2006.

Williams is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Williams is sued in his individual capacity.

9. Sergeant Frank Fitzgerald is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 15, 2006. Fitzgerald is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Fitzgerald is sued in his individual capacity.

10. Lieutenant Ernest Lungaro is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 15, 2006. Lungaro is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Lungaro is sued in his individual capacity.

11. Detective Joseph Dimichele is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on November 15, 2006. Dimichele is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Dimichele is sued in his individual capacity.

## STATEMENT OF FACTS

12. On November 15, 2006, at approximately 6:00 p.m., near Washington Square Park in New York, New York, Police Officer Rudy Lahens, Detective Fred Williams, Sergeant Frank Fitzgerald, Lieutenant Ernest Lungaro, and Detective Joseph Dimichele (the

"officers") seized and arrested plaintiff, who was merely walking on the street, without probable cause.

13.     During the course of arresting plaintiff, one of the officers unnecessarily threw plaintiff to the ground, causing plaintiff to land on his face and body.  Further, in the course of arresting plaintiff, one of the officers handcuffed plaintiff excessively tight causing marks to plaintiff's wrists.

14.     Plaintiff was subsequently placed in a police vehicle and, several hours later, brought to the 6th Precinct.

15.     At the 6th Precinct, one of the officers illegally strip searched plaintiff and ordered plaintiff to squat and cough.

16.     In the early morning hours of November 16, 2006, plaintiff was taken to Central Booking to await arraignment.

17.     On or about the same time, one or more of the officers maliciously conveyed false information to prosecutors in an effort to have plaintiff prosecuted.

18.     In the afternoon of November 16, 2006, plaintiff was arraigned in Criminal Court, New York County.  The presiding judge set bail.

19.     Because plaintiff was unable to post bail, he was incarcerated in the Manhattan House of Detention.

20.     A few days after plaintiff's arraignment, plaintiff and one or more of the officers testified before a Grand Jury.  The officers gave false testimony to the Grand Jury.

21.     The Grand Jury declined to indict plaintiff and issued a no true bill.

22.     On November 22, 2006, plaintiff was released from custody and the charges filed against plaintiff were dismissed.

4

23.     As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, and loss of liberty.

**FEDERAL CLAIMS AGAINST POLICE OFFICER RUDY LAHENS, DETECTIVE FRED WILLIAMS, SERGEANT FRANK FITZGERALD, LIEUTENANT ERNEST LUNGARO, AND DETECTIVE JOSEPH DIMICHELE**

24.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25.     The conduct of Police Officer Rudy Lahens, Detective Fred Williams, Sergeant Frank Fitzgerald, Lieutenant Ernest Lungaro, and Detective Joseph Dimichele, as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST POLICE OFFICER RUDY LAHENS, DETECTIVE FRED WILLIAMS, SERGEANT FRANK FITZGERALD, LIEUTENANT ERNEST LUNGARO, AND DETECTIVE JOSEPH DIMICHELE**

26.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27.     The conduct of  Police Officer Rudy Lahens, Detective Fred Williams, Sergeant Frank Fitzgerald, Lieutenant Ernest Lungaro, and Detective Joseph Dimichele, as described herein, amounted to false arrest, assault, battery, malicious prosecution, and negligence in violation of the laws of the State of New York.

5

**FEDERAL CLAIM AGAINST THE CITY OF
NEW YORK**

28.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if
fully set forth herein.

29.     The City of New York directly caused the constitutional violations
suffered by plaintiff.

30.     Upon information and belief, the City of New York, at all relevant times
herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the
City's own observations, that its police officers, including the individual defendants, are unfit,
ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless,
the City of New York exercised deliberate indifference by failing to take remedial action.  The
City failed to properly train, retrain, supervise, discipline, and monitor the officers and
improperly retained and utilized them.  Moreover, the City of New York failed to adequately
investigate prior complaints against the officers.

31.     The aforesaid conduct by the City of New York violated plaintiff's rights
under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States
Constitution.

**STATE LAW CLAIMS AGAINST THE CITY
OF NEW YORK**

32.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if
fully set forth herein.

33.     Because the individual defendants were acting within the scope of their
employment as members of the NYPD during the incident in question, the City of New York is

vicariously liable under state law for false arrest, assault, battery, malicious prosecution, and negligence.

34.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees;

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      June 19, 2007
            Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:

s/
_____
RICHARD J. CARDINALE (RC-8507)